UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11226-RGS

AD-A-DAY COMPANY, INC.

v.

XEROX CORPORATION and
XEROX CAPITAL SERVICES, LLC

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

September 28, 2010

STEARNS, D.J.

Plaintiff Ad-A-Day Company, Inc., a "for profit company located in Taunton, Massachusetts," brought this diversity action alleging breach of contract, negligence, and fraud arising out of the parties' equipment and service leases. Ad-A-Day leases a high capacity copier and booklet maker from defendant Xerox Corporation.   Ad-A-Day's vice-president, Cynthia Gouveia signed the leases in her corporate capacity.

Ad-A-Day asserts that Xerox provided a defective unit that it failed to properly service.  The leases, however, contain a forum selection clause that designates Monroe County, New York as the exclusive forum and New York as the choice of law.

> This Agreement constitutes the entire agreement as to its subject matter, supersedes all prior and contemporaneous oral and written agreements, and shall be construed under the laws of the State of New York (without regard to conflict-of-laws principles).  You agree to the jurisdiction and venue of the federal and state courts in Monroe County, New York.

Def. Mem. - Ex. 1 ¶ 20.  Xerox and Xerox Capital Services, LLC, move to dismiss the

Complaint for improper venue.[1]  Ad-A-Day has not opposed the motion.

In M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court addressed the enforceability of forum-selection clauses between parties of equivalent bargaining power.[2]  The Court held that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Id. at 10.  Bremen places the burden upon the resisting party to "show that enforcement [of the clause] would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[3]  Id. at 15.  The Court specified that "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Id. Absent that, there is no basis for concluding that it would be unfair, unjust, or

---

[1]Defendants also move to dismiss all but a breach of contract claim based on substantive arguments.  As the forum selection clause divests this court from jurisdiction over all claims, the issue is one for the courts of New York. See Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st. Cir. 1993).

[2]Federal common law and Massachusetts law "treat forum selection clauses identically." Rooney v. Biomet, Inc., 63 F. Supp. 2d 126, 127 (D. Mass. 1999), order vacated on other grounds and reentered as Rooney v. Biomet, Inc., 197 F.R.D. 209 (D. Mass. 2000).  Therefore, there is no need to decide whether "the forum selection clause is enforceable as 'procedural' and look to a federal test of validity or instead treat it as 'substantive' and look to pertinent state law, starting with the choice of law rules that would be followed by the local court in the jurisdiction where the district court sits. Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc., ___ F.3d___, 2010 WL 3491168, *2 (1st Cir. Sept. 8, 2010).

[3]It is significant for present purposes that the Court found that a showing of inconvenience as to litigation in a foreign forum is inadequate to hold a forum-selection clause unenforceable. See id. at 16.

unreasonable to hold that party to his bargain." Id.  See also Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda., 906 F.2d 45, 49 (1st Cir. 1990).

In this case, the court finds Silva v. Encyclopedia Britannica Inc., 239 F.3d 385 (1st Cir. 2001), particularly instructive.  In Silva, an independent contractor sued the defendant encyclopedia corporation for breach of a sales commission agreement.  Silva argued that the contract contained boilerplate provisions not subject to negotiation and that the forum-selection clause appeared only in small print on the back of the contract.  Silva also invoked the "overwhelming bargaining power and influence" of Encyclopedia Britannica in support of his argument that the clause was unenforceable.  Id. at 389.

The First Circuit found that the fact that the forum-selection clause was a "boilerplate" provision did not "*ipso facto* render it invalid."  Id.  "It is not the law that one must bargain for each and every written term of a contract."  Id., quoting Lambert, 983 F.2d at 1119-1120.  See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991) (refusing to find a non-negotiated forum-selection clause in a form cruise ticket unenforceable "simply because it is not the subject of bargaining").  The First Circuit held that a mere absence of negotiation does not by itself meet the criteria for establishing "fraud or overreaching," nor does it render the enforcement of the clause "unreasonable and unjust."  Id., quoting Bremen, 407 U.S. at 15.[4]  There is no evidence that Ad-A-Day, although smaller in size than Xerox, is any less sophisticated in the ways of a simple

---

[4]Similarly, the court found that the placement of the clause on the reverse side of the contract to be of little consequence where, as here, it is printed clearly in plain language and in a contract of reasonable length.  Silva, 239 F.3d at 389, citing Lambert, 983 F.2d at 1120.

equipment leasing contract.

ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u> without prejudice.  The Clerk may now close the case.

SO ORDERED

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE